BEFORE THE
UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| CONSEJO AGRÍCOLA DE BAJA CALIFORNIA, A.C., ASOCIACIÓN MEXICANA DE HORTICULTURA PROTEGIDA, A.C., CONFEDERACIÓN DE ASOCIACIONES AGRÍCOLAS DEL ESTADO DE SINALOA, A.C., ASOCIACIÓN DE PRODUCTORES DE HORTALIZAS DEL YAQUI Y MAYO, AND SISTEMA PRODUCTO TOMATE,<br><br>Plaintiff<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | Court No. 26-03774 |

COMPLAINT

Plaintiffs Consejo Agrícola de Baja California, A.C., Asociación Mexicana de Horticultura Protegida, A.C., Confederación de Asociaciones Agrícolas del Estado de Sinaloa, A.C., Asociación de Productores de Hortalizas del Yaqui y Mayo, and Sistema Producto Tomate (collectively the “Associations” or “Plaintiffs”), file this complaint to contest the Determination by the U.S. International Trade Commission (the “Commission”) in the changed circumstances review of Fresh Tomatoes from Mexico.

JURISDICTION

1. This action arises out of the Commission’s Determination in the changed circumstances review of Fresh Tomatoes from Mexico conducted by the Commission pursuant to Section 751(b) of the Tariff Act of 1930, as amended (the “Act”), 19 U.S.C. § 1675(b). The Commission published notice of its Determination of the changed

circumstances review in the Federal Register on July 23, 2026. *See Fresh Tomatoes from Mexico; Determination*, 91 Fed. Reg. 46455 (July 23, 2026) (hereinafter referred to as the "Determination").

2. This action is commenced pursuant to Sections 516A(a)(2)(A)(i), 516A(a)(2)(B)(iii), 516A(g)(3)(A)(i), and 516A(g)(3)(B) of the Act, as amended, 19 U.S.C. §§ 1516a(a)(2)(A)(i), (a)(2)(B)(iii), (g)(3)(A)(i), and (g)(3)(B). Section 516A(g)(3)(A)(i) of the Act, 19 U.S.C. § 1516a(g)(3)(A)(i), permits judicial review of a covered determination — including the Commission's Determination at issue here — in cases involving United States-Mexico-Canada Trade Agreement ("USMCA") countries when review by a binational panel has not been requested. Consequently, this Court has jurisdiction over this matter by reason of 28 U.S.C. § 1581(c), which confers upon the Court exclusive jurisdiction over civil actions commenced under Section 516A of the Act.

PLAINTIFFS' STANDING TO COMMENCE THIS ACTION

3. Plaintiffs are trade or business associations, a majority of the members of which are producers, exporters, or importers of fresh tomatoes from Mexico, the subject merchandise at issue in this action. Plaintiffs participated as parties to the changed circumstances review that is the subject of this action. Accordingly, Plaintiffs are "interested parties" within the meaning of section 771(9)(A) of the Tariff Act, as amended, 19 U.S.C. § 1677(9)(A), and have standing to commence this action pursuant to 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

TIMELINESS OF THIS ACTION

4. On July 23, 2026, the Determination was published in the Federal Register. *See Fresh Tomatoes from Mexico; Determination*, 91 Fed. Reg. 46455 (July 23, 2026).

5. On August 11, 2026, within 20 days after publication of the Determination as required by Section 516A(g)(3)(B) of the Act, 19 U.S.C. § 1516a(g)(3)(B), Plaintiffs filed a Notice of Intent to Commence Judicial Review under the USMCA with the U.S. USMCA Secretary, the Mexican USMCA Secretary, the Commission, and all interested parties who were parties to the underlying changed circumstances review.

6. Plaintiffs initiated this action by filing a Summons on August 26, 2026, within the 30-day period that began to run 31 days after the date of publication of the final determination being challenged here, pursuant to 19 U.S.C. § 1516a(a)(5)(A). Plaintiffs are filing this Complaint within 30 days after filing the Summons. The Summons and Complaint are, therefore, filed within the time specified by Section 516A(a)(5) of the Act, 19 U.S.C. § 1516a(a)(5)(A); 28 U.S.C. § 2636(c); and Rule 3(a)(2) of the Rules of this Court. Accordingly, this action is timely filed pursuant to the relevant statutory provisions, which permit parties to challenge final determinations that involve a USMCA country by filing a notice of intent to commence judicial review within 20 days after the publication of the final determination, filing a summons between 31 and 60 days after the publication of the final determination, and filing a complaint within 30 days thereafter.

## STATEMENT OF FACTS

7. The investigation of Fresh Tomatoes from Mexico was initiated more than 30 years ago, on April 18, 1996. *See Initiation of Antidumping Duty Investigation: Fresh Tomatoes from Mexico*, 61 Fed. Reg. 18377 (April 25, 1996). Six months later, on October 28, 1996, the Department of Commerce made a preliminary determination that fresh tomatoes from Mexico were being sold in the United States at less than fair value. *See Notice of Preliminary Determination of Sales at Less than Fair Value and*

*Postponement of Final Determination: Fresh Tomatoes from Mexico*, 61 Fed. Reg. 56608 (Nov. 1, 1996).

8. On November 1, 1996, Commerce and certain growers and exporters who accounted for substantially all of the imports of fresh tomatoes from Mexico into the United States signed an agreement pursuant to section 734(c) of the Act, 19 U.S.C. § 1673c(c), suspending Commerce's investigation. *See Suspension of Antidumping Investigation: Fresh Tomatoes from Mexico*, 61 Fed. Reg. 56618 (Nov. 1, 1996).

9. Since the 1996 Suspension Agreement was negotiated, the growers and exporters accounting for a significant percentage of all fresh tomatoes imported into the United States from Mexico have negotiated a series of new suspension agreements with Commerce. Revised suspension agreements were negotiated and signed in 2002, 2008, 2013, and 2019.

10. Following the negotiation of the 2019 suspension agreement, the representatives of the domestic industry requested that Commerce and the Commission continue the investigation pursuant to Section 734(g) of the Act, 19 U.S.C. § 1673(g). On October 25, 2019, Commerce issued an affirmative final determination in the continued investigation. *See Fresh Tomatoes from Mexico: Final Determination of Sales at Less Than Fair Value*, 84 Fed. Reg. 57401 (October 25, 2019). On December 12, 2019, the Commission issued its final determination that an industry in the United States is threatened with material injury by reason of imports of fresh tomatoes from Mexico. *See Fresh Tomatoes from Mexico*, 84 Fed. Reg. 67958 (Dec. 12, 2019).

11. On August 1, 2024, Commerce and the Commission instituted five-year sunset reviews of the 2019 suspension agreement. *See Initiation of Five-Year (Sunset) Reviews,*

89 Fed. Reg. 62717 (Aug. 1, 2024) (Commerce initiation)*; Fresh Tomatoes From Mexico; Institution of a Five-Year Review*, 89 Fed. Reg. 62786 (Aug 1, 2024) (Commission initiation). Commerce did not receive "adequate" responses from foreign exporters in response to its notice of initiation and therefore conducted an "expedited" sunset review. The Commission found that the responses to its separate notice of initiation were "adequate" and it therefore initiated a full review. *See, e.g., Fresh Tomatoes From Mexico; Scheduling of a Full Five-Year Review,* 90 Fed. Reg. 13626 (Mar. 25, 2025).

12. On April 14, 2025, Commerce announced that it intended to terminate the 2019 Suspension Agreement effective July 14, 2025. *See Fresh Tomatoes from Mexico: Intent to Terminate Suspension Agreement, Rescind an Administrative Review, and Issue an Antidumping Duty Order*, 90 Fed. Reg. 16501 (Apr. 18, 2025). Commerce's termination of the 2019 Suspension Agreement was published in the Federal Register on July 17, 2025. *See Fresh Tomatoes From Mexico: Termination of Suspension Agreement, Rescission of Administrative Reviews, and Imposition of an Antidumping Duty Order*, 90 Fed. Reg. 33363 (July 17, 2025). Commerce's imposition of the antidumping order on Tomatoes from Mexico was included in the same Federal Register notice. In response to Commerce's termination of the suspension agreement, the Commission terminated its ongoing sunset review of that suspension agreement. *See Fresh Tomatoes From Mexico; Termination of Five-Year Review,* 90 Fed. Reg. 35933 (July 30, 2025).

13. On May 9, 2025, following Commerce's announcement of its intent to terminate the suspension agreement, Mexican producers and exporters Bioparques de Occidente, S.A. de C.V., and Agricola La Primavera, S.A. de C.V., and their affiliated importer Kaliroy Fresh, LLC, requested that the Commission initiate a changed circumstances

review pursuant to 19 U.S.C. § 1675(b) and 19 C.F.R. § 207.45 of the final affirmative injury determination in the continued antidumping investigation on Fresh Tomatoes from Mexico. That request detailed several significant changes in the U.S. market for fresh tomatoes since the Commission had begun its original investigation in 1996 and since the Commission resumed that investigation in 2019.

14. On January 21, 2026, the Commission instituted the changed circumstances review by a divided vote. Commissioner Kearns determined that the changed circumstances alleged by the parties seeking revocation were sufficient to warrant institution of a review under Section 751(b); Chair Karpel determined that they were not sufficient; and Commissioner Johanson did not participate. Because one-half of the participating Commissioners voted to institute, the Commission instituted the review. *See Fresh Tomatoes From Mexico; Institution and Scheduling of Review Investigation Concerning the Commission's Affirmative Determination in Investigation No. 731-TA-747 (Final), Fresh Tomatoes From Mexico*, 91 Fed. Reg. 3216, 3216 & n.1 (Jan. 26, 2026); 19 U.S.C. § 1330(d)(5). The purpose of the instituted review was to determine whether revocation of the antidumping duty order on Fresh Tomatoes from Mexico is likely to lead to continuation or recurrence of material injury to an industry in the United States. *See* 91 Fed. Reg. at 3216.

15. Between January 2026 and June 2026, interested parties participated in the changed circumstances review. Parties submitted questionnaire responses, pre-hearing comments, post-hearing comments, and final comments for the Commission's consideration. *See* 91 Fed. Reg. at 3216. A hearing was held on May 19, 2026. *See id.*

16. On June 30, 2026, the Commission notified the public of its vote that changed circumstances sufficient to warrant revocation of the existing antidumping order on imports of Fresh Tomatoes from Mexico did not exist. *See* News Release, U.S. Int'l Trade Comm'n, USITC Makes Determination in Changed Circumstances Review Concerning Fresh Tomatoes from Mexico, News Release No. 26-093 (June 30, 2026).

17. On July 21, 2026, the Commission's Views detailing its Determination were made available. *See Views of the Commission, Fresh Tomatoes from Mexico*, USITC Inv. No. 751-TA-30 (Changed Circumstances Review), USITC Pub. No. 5762 (July 2026). In its Views, the Commission explicitly stated that it had not determined whether revocation would be likely to lead to continuation or recurrence of material injury. Instead, it stated that it had concluded that the developments identified by the parties did not establish changed circumstances sufficient to warrant revocation and that there was "no need for further inquiry" into the likely consequences of revocation.

## STATEMENT OF CLAIMS

18. The Commission's determination in the changed circumstances review of Fresh Tomatoes from Mexico was unsupported by substantial evidence on the record, or otherwise not in accordance with law, for the following reasons, among others:

(1) The Commission failed to make the determination required by Section 751(b)(2)(A) of the Act, which provides that, once the Commission has determined that there are sufficient changed circumstances to warrant initiation of a review, the Commission "shall" determine whether revocation would likely lead to continuation or recurrence of material injury.

(2) The Commission unlawfully examined the impact of the specific changes in circumstances identified by respondents in isolation, without addressing the requirements of Section 752(a) of the Act, 19 U.S.C. § 1675a(a), which, *inter alia,*

(i) require the Commission in a changed-circumstances review to determine "whether revocation ... would be likely to lead to continuation or recurrence of material injury within a reasonably foreseeable time;"

(ii) require the Commission to base the required determination on an assessment of "the likely volume, price effect, and impact of imports of the subject merchandise on the industry if the order is revoked" and to consider certain specifically enumerated factors when making that assessment; and

(iii) require the Commission, when assessing the impact of imports on the domestic industry, to "consider all relevant economic factors which are likely to have a bearing on the state of the industry ... within the context of the business cycle and the conditions of competition that are distinctive to the affected industry."

(3) The Commission unlawfully required that, in order to be considered, "changed circumstances" must satisfy a nebulous "meaningful" standard that is not consistent with the statutory requirements, and it also unlawfully held that an observed change in market conditions caused by the continuation or intensification of a pre-existing trend does not constitute "changed circumstances" within the meaning of the statute.

(4) The Commission's findings that the "changed circumstances" identified by the respondents were not "meaningful," and its evaluation of the impact of those changes on the U.S. industry, were not supported by substantial evidence on the record.

## DEMAND FOR JUDGMENT

19. WHEREFORE, Plaintiffs respectfully request this Court to:

(1) Declare the Commission's determination in the changed circumstances review to be unsupported by substantial evidence on the record, or otherwise not in accordance with law; and

(2) Remand this matter to the Commission with instructions to determine, consistent with Sections 751(b)(2)(A) and 752(a), whether revocation would be likely to lead to continuation or recurrence of material injury, including consideration of the statutory factors bearing on likely volume, price effects, impact, industry improvement, vulnerability, and conditions of competition; and

(3) Provide such other relief as this Court deems appropriate.

Respectfully submitted,

/s/ Jeffrey M. Winton

Jeffrey M. Winton
Michael J. Chapman
Amrietha Nellan
Vi N. Mai
Rachel Hauser

WINTON & CHAPMAN PLLC
1100 13th Street NW, Suite 825
Washington, DC 20005
(202) 774-5500

Attorneys for Consejo Agrícola de Baja California, A.C., Asociación Mexicana de Horticultura Protegida, A.C., Confederación de Asociaciones Agrícolas del Estado de Sinaloa, A.C., Asociación de Productores de Hortalizas del Yaqui y Mayo, and Sistema Producto Tomate

Dated: August 26, 2026